```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 12-2545(DSD/JJK)
```

Richard Donald Miller,

      Plaintiff,

v.                                                                            **ORDER**

Carolyn W. Colvin, Acting
Commissioner of Social Security,

      Defendant.

      Peter W. Carter, Esq., Monica C. Fahnhorst, Esq. and Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, counsel for plaintiff.

      Ann M. Bildtsen, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendant

This matter is before the court upon the objection by plaintiff Richard Donald Miller to the December 10, 2013, report and recommendation of United States Magistrate Judge Jeffrey J. Keyes. In his report, the magistrate judge recommends that the court deny the motion for summary judgment by Miller and grant the motion for summary judgment by defendant Commissioner of Social Security (Commissioner). After a de novo review, and for the following reasons, the court overrules the objection and adopts the report and recommendation in its entirety.

**BACKGROUND**

The background of the action is fully set forth in the report and recommendation, and the court briefly summarizes the history of the present action. Miller seeks judicial review of the decision to deny his application for Social Security disability and supplemental security income. The Commissioner denied the applications initially and again upon reconsideration. Miller then requested a hearing before an administrative law judge (ALJ).

On June 23, 2009, the ALJ affirmed the denial of Miller's applications. The Appeals Council denied a request for review, making the ALJ's determination the final decision of the Commissioner. Miller sought judicial review, and on March 22, 2011, Chief Magistrate Judge Arthur J. Boylan remanded the matter for additional findings. On August 8, 2011, the ALJ held a second administrative hearing. The ALJ heard testimony from Miller, medical expert Dr. Karen Butler and vocational expert J. Harren. On October 31, 2011, the ALJ again affirmed the denial of Miller's applications. The Appeals Council again denied a request for review, making the ALJ's determination the final decision of the Commissioner.

On October 4, 2012, Miller filed this action, seeking judicial review of the decision denying benefits. Both parties moved for summary judgment. On December 10, 2013, Magistrate Judge Keyes recommended granting the Commissioner's motion. Miller objects.

**DISCUSSION**

## I. Standard of Review

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decisions of the ALJ for substantial evidence on the record as a whole. See 28 U.S.C. § 636(b)(1)(C); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [ALJ's] conclusion." Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). The court, however, may not "reverse the Commissioner's decision simply because there is evidence supporting a different result." Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (citation omitted). Moreover, a court may not substitute its judgment for that of the ALJ. Fastner v. Barnhart, 324 F.3d 981, 983 (8th Cir. 2003). Rather, the court will disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome." Nicola v. Astrue, 480 F.3d 885, 886-87 (8th Cir. 2007) (citation omitted).

**II.   Disability Determination**

The Commissioner employs a five-step sequential analysis in making a disability determination. See 20 C.F.R. § 404.1520(a)(4). The ALJ must consider (1) whether the claimant has engaged in substantial gainful activity during the alleged disability period, (2) the medical severity of the impairments, (3) whether the impairments meet or medically equal the criteria of any enumerated impairments, (4) the claimant's residual functional capacity (RFC) and past relevant work and (5) whether the impairments and other relevant circumstances preclude the claimant from engaging in other work. Id.; see Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

At step one, the ALJ found that Miller had not engaged in substantial gainful activity during the alleged disability period. R. 385. The ALJ then determined that Miller's impairments included (1) diabetes mellitus, (2) bursitis of the heel, (3) attention deficit hyperactivity disorder (ADHD), (4) anxiety disorder not otherwise specified, (5) bipolar disorder versus severe major depression and (6) personality disorder not otherwise specified. Id. at 385-86. At step three, the ALJ determined that those impairments did not meet or medically equal the enumerated impairments. Id. at 386-90. Finally, the ALJ found that Miller had the RFC to perform light work with certain limitations. Id. at 390.

In reviewing the ALJ's decision, the magistrate judge found that the ALJ did not err in analyzing the competing testimony of Miller's physicians. ECF No. 28, at 41. The magistrate judge also found that substantial evidence supported the determination that Miller's impairments did not meet or equal the enumerated impairments at step three. Id. at 37. Further, the magistrate judge found that the ALJ did not err in discounting Miller's subjective complaints. Id. at 43. Finally, the magistrate judge found that the ALJ properly determined Miller's physical and mental RFC. Id.

Miller argues that the ALJ and the magistrate judge erred in (1) giving less weight to the testimony of his treating physicians, (2) finding that he did not meet the Subpart B criteria at step three and (3) discrediting his testimony that his pain precluded him from performing other work.

### A. Weight of Physicians' Testimony

Miller first argues that the ALJ and magistrate judge did not afford adequate weight to the testimony of his treating physicians, Dr. Bass and Dr. Goblirsch. "A treating source's opinion is not inherently entitled to controlling weight." Myers v. Colvin, 721 F.3d 521, 525 (8th Cir. 2013) (citation and internal quotation marks omitted). Indeed, a treating physician's opinion "is entitled to controlling weight only to the extent it is consistent with medically acceptable clinical or laboratory diagnostic data."

5

Casey v. Astrue, 503 F.3d 687, 692 (8th Cir. 2007) (citations omitted). Moreover, an ALJ may give less weight to a treating physician's opinion "if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) (citation omitted). "When an ALJ discounts a treating physician's opinion, he should give good reasons for doing so." Brown v. Astrue, 611 F.3d 941, 951-52 (8th Cir. 2010) (citation and internal quotation marks omitted).

Here, the ALJ gave little weight to Dr. Bass's opinion because (1) Dr. Bass's findings that Miller was unable to work were decisions that are properly reserved for the Commissioner, (2) the opinion was "conclusory and contain[ed] no references to objective medical findings to support the assessments" and (3) Bass treated Miller for physical, rather than mental, impairments. R. 396. Likewise, the ALJ gave little weight to Dr. Goblirsch's opinion because the opinion that "Miller could not perform any employment in the foreseeable future" is a decision reserved for the Commissioner and because Dr. Goblirsch only treated Miller on a "very limited basis" for management of diabetes. Id. at 397.

After review, the court finds that the ALJ did not err in discounting the opinions of the treating physicians. Indeed, the ALJ declined to give controlling weight to the treating physicians for well-supported and articulated reasons. See Vossen v. Astrue,

612 F.3d 1011, 1015 (8th Cir. 2010) ("This argument fails because opinions that a claimant is disabled or unable to work concern issues reserved to the Commissioner and are not the type of opinions which receive controlling weight." (citations and internal quotation marks omitted)); Brown, 611 F.3d at 953 ("Greater weight is generally given to the opinion of a specialist about medical issues in the area of specialty, than to the opinion of a non-specialist." (citations and internal quotation marks omitted)). As a result, Miller's argument that the ALJ afforded insufficient weight to his treating physicians' opinions is unavailing.

Miller also argues that the ALJ improperly credited the opinions of non-treating physician Dr. Karayusuf. "As a general matter, the report of a consulting physician who examined a claimant once does not constitute substantial evidence upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007) (citation and internal quotation marks omitted). There are, however, two exceptions to such a rule: "(1) where other medical assessments are supported by better or more thorough medical evidence, [and] (2) where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Id. (citation and internal quotation marks omitted). Here, as already explained, the treating physicians' observations were conclusory and related in part to matters outside

7

their specialties. Dr. Karayusuf is a specialist in the examination and evaluation of mental impairments. As such, Dr. Karayusuf's opinion did not directly contradict the testimony of the treating physicians, and was supported by better and more thorough evidence. See id. As a result, after review, the court finds that the ALJ did not err in crediting Dr. Karayusuf's testimony over that of the treating physicians, and overrules this portion of the objection.

**B.   Subpart B Criteria**

Miller argues that both the ALJ and the magistrate judge failed to consider evidence in the record that supports a finding of disability. Specifically, Miller argues that his impairments meet the criteria set forth in Subpart B of the mental disorder listings. In order to meet the criteria in Subpart B, a claimant's impairment must result in at least two of the following: "[m]arked restriction of activities of daily living; ... [m]arked difficulties in maintaining social functioning; ... [m]arked difficulties in maintaining concentration, persistence, or pace; or ... [r]epeated episodes of decompensation, each of extended duration." E.g., 20 C.F.R. § 404 app. 1, § 12.02(B). A "marked" restriction is "a limitation that is more than moderate but less than extreme." Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 651 (8th Cir. 2004) (citation and internal quotation marks omitted).

8

Miller argues that the ALJ and magistrate judge did not take into consideration his Global Assessment of Functioning (GAF) scores in determining whether he met the Subpart B criteria. The ALJ, however, considered the entirety of the record and there was substantial evidence that Miller had "mild" and "moderate" limitations, rather than "marked" limitations. R. 387-89. Indeed, "the SSA does not consider GAF scores to have a direct correlation to the severity requirements" of Subpart B. Myers v. Colvin, 721 F.3d 521, 525 (8th Cir. 2013) (citation and internal quotation marks omitted). Moreover, the GAF scores at issue were relevant to only a brief time in 2006 and not indicative of the entirety of the record. See Juszczyk v. Astrue, 542 F.3d 626, 632-33 (8th Cir. 2008) (disregarding a one-time GAF score of 35 to 40 because it was "extreme ... in light on contradictory medical evidence"). As a result, given the substantial evidence in the record that the ALJ considered, the ALJ did not err in finding that Miller's impairments did not meet the Subpart B criteria. Therefore, the court overrules this portion of the objection.

### C. Residual Functional Capacity

Finally, Miller argues that the ALJ and magistrate judge erred in finding that he had the residual functional capacity (RFC) to perform other work. Specifically, Miller argues that the ALJ and magistrate judge improperly discredited his subjective complaints of pain. In analyzing a claimant's subjective complaints of pain,

9

an ALJ must examine "1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; [and] 5. functional restrictions." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), vacated on other grounds by Bowen v. Polaski, 476 U.S. 1167 (1986). "The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." Id. (emphasis in original).

Here, however, the ALJ did not rely solely on personal observations to discredit Miller's subjective complaints of pain. Rather, the ALJ noted that Miller's subjective complaints of pain were inconsistent with objective evidence in the record. Specifically, the ALJ pointed to the fact that Miller's subjective testimony was contradicted by medical records showing (1) a significant gap without treatment, (2) unremarkable physical examinations, (3) examinations at which Miller reported no tenderness or pain and (4) evidence of work and job training after the alleged onset date.  R. 393-96.  As a result, there is substantial evidence in the record from which the ALJ could conclude that Miller's subjective testimony was not wholly credible. Thus, the argument is unavailing and the court overrules

10

the portion of the objection based on Miller's subjective complaints of pain.

In sum, after a de novo review, the court finds that the ALJ's decision was supported by substantial evidence on the record as a whole. As a result, the court overrules Miller's objection to the report and recommendation.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection [ECF No. 31] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 28] is adopted in its entirety;

3. Plaintiff's motion for summary judgment [ECF No. 21] is denied; and

4. Defendant's motion for summary judgment [ECF No. 25] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 28, 2014

                                            <u>s/David S. Doty</u>
                                            David S. Doty, Judge
                                            United States District Court